UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA STEWART,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT M. GATES,<br><br>    Defendant. | Civil Action No. 09-1738 (BAH)<br>Judge Beryl A. Howell |

## MEMORANDUM OPINION

Pending before the Court is the motion by the defendants Patrick Keough and William Desautels ("Individual Defendants"), pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, for the entry of final judgment on the dismissed claims against them. Individual Defs.' Mot. for R. 54(b) Certification, ECF No. 26, June 21, 2011 ("Defs.' Mot."). The plaintiff Lisa Stewart opposes this motion. Pl.'s Mem. in Opp'n to Individual Defs.' Mot. for R. 54(b) Certification, ECF No. 27, June 29, 2011 ("Pl.'s Opp'n"). After review of the memoranda filed by the parties, the applicable law, and the underlying purposes of Rule 54(b), the motion will be denied for the reasons set forth below.

### I. BACKGROUND

The plaintiff is a former civilian intelligence officer who worked in the Defense Intelligence Agency's ("DIA") Field Operating Base in Japan. Her original employment discrimination and retaliation complaint asserted claims against the Secretary of Defense, in his official capacity, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* The original complaint also asserted claims, pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, against the Individual Defendants, who were her former DIA superiors, in their

1

individual capacities. By Memorandum Opinion and Order, dated May 16, 2011, the Court dismissed the claims against the Individual Defendants "because Title VII provides the exclusive remedy for claims of discrimination in federal employment" and "all of their alleged retaliatory conduct is covered by the plaintiff's Title VII claim against the DIA." *Stewart v. Gates*, 786 F. Supp. 2d 155, 166 (D.D.C. 2011).

No other claims are pending in the complaint against the Individual Defendants; only the plaintiff's claims under Title VII against the Department of Defense remain.

## II. DISCUSSION

The Individual Defendants contend that final judgment should be entered under Rule 54(b) on the claims asserted against them since the circumstances here meet the applicable standard that "there is no just reason for delay." FED. R. CIV. P. 54(b). The plaintiff objects to entry of judgment against the Individual Defendants, arguing that the Court should avoid "creating the potential for piecemeal appeals." Pl.'s Opp'n at 2.

### A. Legal Standard

Rule 54(b) of the Federal Rules of Civil Procedure outlines the process for entering a final judgment in situations, as here, in which the court has disposed of some but not all of the claims in a complaint or the claims against some but not all of the defendants. Specifically, this Rule authorizes a court to direct entry of a final judgment on fewer than all the claims or parties "only if the court expressly determines that there is no just cause for a delay." FED. R. CIV. P. 54(b); *Blackman v. District of Columbia*, 456 F.3d 167, 174-75 (D.C. Cir. 2006) (Rule 54(b) expressly requires finding that "there is no just reason for delay"); *Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998) ("express

2

direction and determination is a bright-line requirement" that prohibits appellate court from "imply[ing] a Rule 54(b) determination.").

"Only 'exceptional cases' merit Rule 54(b)'s direct entry, and the district court has discretion in identifying such cases because of its 'familiarity with the case and with any justifiable reasons for delay.'" *Grosdidier v. Chairman, Broad. Bd. of Governors*, 774 F. Supp. 2d 76, 123 (D.D.C. 2011) (*quoting Ben-Rafael v. Islamic Republic of Iran*, 718 F. Supp. 2d 25, 33 (D.D.C. 2010) and *Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998)); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) ("sound judicial administration does not require that Rule 54(b) requests be granted routinely").

"Rule 54(b) mediates between the sometimes antagonistic goals of avoiding piecemeal appeals and giving parties timely justice." *Taylor v. FDIC*, 132 F.3d 753, 760 (D.C. Cir. 1997) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8). The role of the district court in determining whether to grant a motion for entry of final judgment under Rule 54(b) before the entire case is resolved has been described as that of a "dispatcher," who determines "when a claim should proceed on to appellate resolution, and when it should await its fellows." *Powers-Bunce v. District of Columbia*, 594 F. Supp. 2d 54, 55-57 (D.D.C. 2009) (quoting *Taylor*, 132 F.3d at 760 (citing *Curtiss-Wright Corp.*, 446 U.S. at 8)); *see also Robinson-Reeder v. Am. Council on Educ.*, 571 F.3d 1333, 1340 (D.C. Cir. 2009) ("Were we to permit the parties' dismissal without prejudice to generate an appealable judgment, we would effectively transfer to the litigants the "dispatcher" function that Rule 54(b) vests in the district court") (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (under Rule 54(b), "the District Court is used as a 'dispatcher' . . . to

determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but [fewer] than all' of the claims in a multiple claims action is ready for appeal.")).

In determining whether the exercise of discretion under Rule 54(b) is warranted the court must "keep[] in mind the policies the rule attempts to promote." 10 C. WRIGHT, A. MILLER & M. KANE, FED. PRAC. & PROC. § 2659 (3d ed. 2010). "The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Id*. § 2654. Thus, the thrust of Rule 54(b) is to mitigate the danger of hardship resulting from a delay of appeal until the whole action is concluded and to enable a party to file an appeal sooner than would otherwise be available by waiting for a final judgment on all claims against all parties in the lawsuit. *See Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507 (1950) ("The liberalization of our practice to allow more issues and parties to be joined in one action and to expand the privilege of intervention by those not originally parties has increased the danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had."); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 n.3, (1976) ("Rule [54(b)] was amended to insure that orders finally disposing of some but not all of the parties could be appealed pursuant to its provisions."); *Brooks v. Dist. Hosp. Partners, L.P.*, 606 F.3d 800, 805 n.2 (D.C. Cir. 2010) (Although the text of Rule 54(b) does not distinguish between plaintiffs and defendants, the "motivation behind the amendment was to provide plaintiffs a way to appeal the dismissal of a defendant in a multiple defendant action, not necessarily their own dismissal from a multiple plaintiff case."); *Hooks v. Wash. Sheraton*

*Corp.*, 642 F.2d 614, 616 n.3 (D.C. Cir. 1980) ("The primary purpose of Rule 54(b) is to determine finality for purposes of appeal."); *see also* FED. R. CIV. P. 54(b) Advisory Committee Note (1961) (explaining purpose of amendment adding explicit reference to applicability of Rule 54(b) to partial judgment as to some but not all parties: "The danger of hardship through delay of appeal until the whole action is concluded may be at least as serious in the multiple parties situations as in the multiple claims cases.").

Set against this explicit purpose of Rule 54(b) to mitigate the danger of hardship by allowing an immediate appeal, the Court now examines the motion by the Individual Defendants.

**B.     Analysis**

The Individual Defendants prevailed on their prior motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the claims against them have, therefore, been dismissed. Thus, these defendants certainly do not seek entry of judgment under Rule 54(b) in order to allow the plaintiff an immediate appeal of the Court's order dismissing them from this action. Instead, in support of their motion for entry of final judgment, the Individual Defendants offer two principal arguments, which the Court will discuss in turn below.

First, they argue that "[d]enying the individuals final judgment would run contrary to the policy considerations behind that [Title VII] remedial scheme." Defs.' Reply Mem. In Supp. Of Individual Defs.' Mot. for Rule 54(b) Certification ("Reply Mem."), ECF No. 30, at 2. This argument is misguided. In deciding whether to grant the Rule 54(b) motion, the Court's focus is not on the policy underpinnings of the Title VII remedial scheme, but rather the Court must be concerned about the purposes of Rule 54(b), since this Rule guides the exercise of the Court's

discretion.

As noted, the Individual Defendants do not seek relief under Rule 54(b) in order to exercise any appeal rights before the completion of the entire case. On the contrary, entry of final judgment on the Court's May 16, 2011 Order would force the plaintiff to consider whether to file an immediate appeal from the Court's May 16, 2011 Order, even if she would prefer to await completion of the case, since her time to file an appeal would be triggered by entry of final judgment. *See* 10 C. WRIGHT, A. MILLER & M. KANE, FED. PRAC. & PROC. § 2661 (3d ed. 2010) ("[O]nce there has been a Rule 54(b) certification and a final judgment has been entered, the time for appeal begins to run."). This would effectively invert the purpose of Rule 54(b) from one of enhancing the appellate rights of a losing party in circumstances when delay of an appeal would cause undue hardship or possible injustice, to one in which a prevailing party could prematurely force an appeal of part of a case by a losing party, who must comply with timeliness requirements for exercising appellate rights.

Moreover, entry of final judgment would have the effect of barring any further revision of the May 16, 2011 Order by this Court, no matter what discovery may reveal. FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities."). While the Court cannot foresee any circumstances that would warrant a revision of the May 16, 2011 Order, the pending motion seeks to disturb the more normal practice that, when some but not all defendants are dismissed early in an action, final judgment is entered after the case is completed in order for the entire case to be presented to the Court of Appeals.

Second, the Individual Defendants argue that, absent entry of judgment, the Individual Defendants would be "unfairly penalize[d]" because they "would have the spectre of potential personal liability hanging over them throughout the course of this action, as well as the attendant real-life burdens that such potential liability imposes (such as, among other things, the potential impact on their ability to obtain credit while they remain putative defendants in civil litigation)." Reply Mem. at 2. While the government cites cases that exhort courts to resolve the substantive merits of claims against federal officials with promptness, the plaintiff is correct that "[n]one of these cases cited stands for the proposition that individual capacity suits should be subject to entry of final judgment under Rule 54(b) due to hardship."[1] Pl.'s Opp'n at 5. In the Court's view, any hardship suggested is speculative and negligible.

This case is closely analogous to *Powers-Bunce v. District of Columbia*, 594 F. Supp. 2d 54 (D.D.C. 2009). There, Judge Kollar-Kotelly dismissed federal government defendants from a wrongful death lawsuit, leaving as defendants only the District of Columbia and several District police officers. The dismissed federal defendants then sought entry of final judgment as to them under Rule 54(b) "presumably . . . not to appeal their dismissal but rather to prevent the Court from revising its orders on those motions." *Id*. at 56. The Court denied their motion finding that "[i]nasmuch as the apparent purpose of Federal Defendants' motion is to prevent the Court from

---

[1] The defendant relies upon the following cases regarding the hardships of individual capacity suits on federal officials, none of which address the entry of an final judgment under Rule 54(b): *Harlow v. Fitzgerald*, 457 U.S. 800, 801 (1982) (finding immunity for certain governmental employees and remanding for reconsideration of summary judgment); *Butz v. Economou*, 438 U.S. 478 (1978) (finding immunity for governmental officials); *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (finding members of federal prison's Institution Discipline Committee are entitled to qualified immunity); *Malley v. Briggs*, 475 U.S. 335 (1986) (finding qualified immunity for state troopers); *Anderson v. Creighton*, 483 U.S. 635, (1987) (FBI agents were protected by qualified immunity while conducting a warrantless search) and *Clinton v. Jones*, 520 U.S. 681 (1997) (Constitution does not afford President temporary immunity, in all but the most exceptional circumstances, for litigation arising out of events that occurred before he took office).

revising its interlocutory orders, Federal Defendants have failed to show that there is no just reason for delay entering final judgment." *Id.* at 57; *see also Wheeler v. Hilo Med. Ctr., Inc.*, No. 09-533, 2010 U.S. Dist. LEXIS 113374, at *9-10 (D. Haw. Oct. 21, 2010) (Rule 54(b) motion by prevailing defendants denied after court concluded that their purported hardship from being required to report the pendency of lawsuit to medical licensing renewal or on medical privilege applications fell short "of articulating how these potential reporting requirements would in fact impose an undue hardship.").

The plaintiff opposes entry of final judgment for the Individual Defendants since her claims against them "are based upon the identical nucleus of facts as the remaining claims against the government," and therefore adjudication on appeal of this Court's dismissal of the Individual Defendants would require "an appellate court . . . to review the same facts that would be at issue during any subsequent appeal of the claims against the government." Pl.'s Opp'n at 2-3. Indeed, should the plaintiff decide to appeal the May 16, 2011 Order, the Court of Appeals could be confronted with the possibility of multiple appeals in this same case if the losing party of a subsequent judgment resolving the remaining claims in the lawsuit also seeks an appeal. The avoidance of such piecemeal appeals arising from the same case and implicating the same nucleus of facts is the reason that Rule 54(b) motions are to be granted only sparingly. *Cf. Johnson v. Mukasey*, 248 F.R.D. 347, 358 (D.D.C. 2008) (Rule 54(b) motion granted to prevailing federal defendants when claims against them were factually and legally separable from claims against remaining defendants).

This case simply does not present exceptional circumstances that would warrant entry of final judgment as to the Individual Defendants before resolution of the entire case, particularly

when there is no reason for an interlocutory appeal and, indeed, no such appeal by the moving parties is contemplated.

## III. CONCLUSION

For the foregoing reasons, the motion of the Individual Defendants for entry of a final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, on the individual capacity claims that were dismissed by this Court's May 16, 2011 order is denied.

**DATED:** October 27, 2011　　　　　　　　　　　　/s/ *Beryl A. Howell*
　　　　　　　　　　　　　　　　　　　　　　　　BERYL A. HOWELL
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge