UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA STEWART,<br><br>    Plaintiff,<br><br>  v.<br><br>LEON PANETTA,<br><br>    Defendant. | Civil Action No. 09-1738 (BAH)<br>Judge Beryl A. Howell |

## MEMORANDUM OPINION

Pending before the Court is the motion by the defendants Patrick Keough and William Desautels ("Individual Defendants") for reconsideration of this Court's October 27, 2011 Memorandum Opinion and Order denying their motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for the entry of final judgment on the dismissed claims against them. *See* ECF Nos. 42 and 43, October 27, 2011 Memorandum Opinion and Order. The plaintiff Lisa Stewart opposes this motion. For the reasons explained below, the motion for reconsideration will be denied.

**I. BACKGROUND**

The plaintiff is a former civilian intelligence officer who worked in the Defense Intelligence Agency's ("DIA") Field Operating Base in Japan. Her original employment discrimination and retaliation complaint asserted claims against the Secretary of Defense, in his official capacity, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* The original complaint also asserted claims, pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, against the Individual Defendants, who were her former DIA superiors, in their individual capacities. By Memorandum Opinion and Order, dated May 16, 2011, the Court

1

dismissed the claims against the Individual Defendants "because Title VII provides the exclusive remedy for claims of discrimination in federal employment" and "all of their alleged retaliatory conduct is covered by the plaintiff's Title VII claim against the DIA." *Stewart v. Gates*, 786 F. Supp. 2d 155, 166 (D.D.C. 2011).

No other claims are pending in the complaint against the Individual Defendants; only the plaintiff's claims under Title VII against the Department of Defense remain.

On June 21, 2011, the Individual Defendants moved for entry of final judgment against them pursuant to Federal Rule of Civil Procedure 54(b). ECF No. 26. The Court denied that motion in its October 27, 2011 Memorandum Opinion and Order. The Individual Defendants have now moved for reconsideration of that ruling. ECF No. 44, Individual Defendants' Motion for Reconsideration of the Court's October 27, 2011 Order ("Reconsideration Mot.").

## II.  DISCUSSION

### A.  Legal Standard

"An interlocutory order such as the Court's partial dismissal 'may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Johnson-Parks v. D.C. Chartered Health Plan*, No. 09-1492, 2011 WL 3835671, at *1 (D.D.C. Aug. 31, 2011) (quoting Fed. R. Civ. P. 54(b)). "[R]elief upon reconsideration of an interlocutory decision pursuant to Rule 54(b) is available 'as justice requires.'" *Id.* (quoting *Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran*, 772 F. Supp. 2d 218, 223 (D.D.C. 2011)). "'As justice requires' indicates concrete considerations of whether the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning,

but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.'" *Id.* (quoting *Estate of Botvin*, 772 F. Supp. 2d 218) (alteration in original quotation).

Therefore, "[i]n general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Id.* (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (internal quotation marks omitted)).

B.   Analysis

The Individual Defendants argue that the Court should reconsider its October 27, 2011 ruling primarily because the decision in one of the authorities the Court relied upon, *Powers-Bunce v. District of Columbia*, 594 F. Supp. 2d 54 (D.D.C. 2009), was later reversed on reconsideration. *See Powers-Bunce v. District of Columbia*, No. 06-1586, ECF No. 83 (D.D.C. Mar. 13, 2009) (granting motion for reconsideration in part) (hereinafter, "*Powers-Bunce* Reconsideration Order"). Since the *Powers-Bunce* Reconsideration Order was not published in the major legal database services, the Court was unaware of this Order when it issued its prior ruling. The Court has determined, however, that the *Powers-Bunce* Reconsideration Order does not provide any reason for this Court to reverse its prior ruling.

The Court's October 27, 2011 ruling did take into account the authorities cited in the *Powers-Bunce* Reconsideration Order – namely, *Harlow v. Fitzgerald*, 457 U.S. 800, 808 (1982) and *Butz v. Economou*, 438 U.S. 478, 507-08 (1978). The Court's October 27, 2011 Memorandum Opinion addressed and distinguished these cases. *See* ECF No. 42 at 7 n.1. As the

Court previously noted, and as the Individual Defendants concede, *see* Reconsideration Mot. at 3, these cases do not address Rule 54(b) entry of final judgment. Rather, these cases address more generally the need for insubstantial lawsuits against federal officials to be quickly terminated due to certain public policy considerations. *See Harlow*, 457 U.S. at 814 (quoting *Butz,* 438 U.S. at 507-08). The Court has followed the imperatives expressed in these cases by dismissing the claims against the Individual Defendants in this action.

Whether entry of final judgment is appropriate at this time, however, is a separate questioned governed by Rule 54(b) of the Federal Rules of Civil Procedure. As the Court previously explained, Rule 54(b) authorizes a court to direct entry of a final judgment on fewer than all the claims or parties "only if the court expressly determines that there is no just cause for a delay." FED. R. CIV. P. 54(b); *Blackman v. District of Columbia*, 456 F.3d 167,174-75 (D.C. Cir. 2006) (Rule 54(b) expressly requires finding that "there is no just reason for delay"). "Only 'exceptional cases' merit Rule 54(b)'s direct entry, and the district court has discretion in identifying such cases because of its 'familiarity with the case and with any justifiable reasons for delay.'" *Grosdidier v. Chairman, Broad. Bd. of Governors*, 774 F. Supp. 2d 76, 123 (D.D.C. 2011) (quoting *Ben-Rafael v. Islamic Republic of Iran*, 718 F. Supp. 2d 25, 33 (D.D.C. 2010) and *Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998)); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) ("[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely").

Here, while the Individual Defendants concede that the *Harlow* and *Butz* rulings do not address Rule 54(b), they argue that those rulings "are directly relevant to the balancing of

equities that the Court must undertake in deciding whether to grant a Rule 54(b) motion, including the ultimate question of whether there is any just reason for delay." Reconsideration Mot. at 3. The Individual Defendants argue that "their dismissal should be reduced to a final judgment so that they are no longer burdened by being named as defendants in a civil lawsuit," *id.* at 6, but the Individual Defendants have not identified any concrete burdens they will face as a result of their status as dismissed defendants in this lawsuit.[1] On the other hand, as discussed in the Court's prior ruling, granting the Rule 54(b) motion would disturb the "the more normal practice that, when some but not all defendants are dismissed early in an action, final judgment is entered after the case is completed in order for the entire case to be presented to the Court of Appeals." ECF No. 42 at 6; *see also Grosdidier*, 774 F. Supp. 2d at 123 ("Ordinarily, the presumption against piecemeal appeals will be sufficient to deny certification under Rule 54(b)."). While the Individual Defendants argue that Rule 54(b) certification is appropriate because the legal issues involving the dismissal of the Individual Defendants are separable from the other legal issues in the case, the Court nonetheless finds that judicial resources will be best preserved in this case by providing a unified opportunity for appeal following the conclusion of the litigation. *See id*. ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.") (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co*., 446 U.S. 1, 8 (1980)).

---

[1] In its prior ruling, the Court cited *Wheeler v. Hilo Med. Ctr., Inc.*, No. 09-533, 2010 U.S. Dist. LEXIS 113374, at *9-10 (D. Haw. Oct. 21, 2010), in which the court denied a Rule 54(b) motion by prevailing defendants after concluding that the defendants fell short in articulating how certain medical reporting requirements concerning pending litigation "would in fact impose an undue hardship." The Individual Defendants here argue that reliance on this case was misplaced because *Wheeler* did not involve federal defendants and, therefore, did not involve the policy considerations identified in *Harlow* and *Butz*. Yet even if those policy considerations are taken into account in the Court's Rule 54(b) "balancing of the equities," as the Individual Defendants suggest and as the Court has done here, the Court still finds a concrete showing of actual hardship, absent here, to be a relevant consideration in deciding whether to grant a Rule 54(b) motion.

## III.    CONCLUSION

For the foregoing reasons, the motion of the Individual Defendants for reconsideration of this Court's October 27, 2011 Memorandum Opinion and Order is denied.

**DATED:** November 30, 2011

　　　　　　　　　　　　　　　　　　　　　　/s/ *Beryl A. Howell*
　　　　　　　　　　　　　　　　　　　　　　BERYL A. HOWELL
　　　　　　　　　　　　　　　　　　　　　　United States District Judge